In the Matter of the Application of ALFRED HANSEN, Judgment
Creditor, Appellant, for an Order for the Examination of HARRY
SAKS HECHHEIMER, Judgment Debtor, Respondent.

Supreme Court, Appellate Term, First Department, February 27, 1925.

Supplementary proceedings — contempt — judgment debtor, pending
determination of proceedings, consented to adjudication of himself as
bankrupt and transferred insurance policies to third party in violation
of injunction order — conduct of judgment debtor contemptuous —
motion to punish judgment debtor for contempt granted.

The conduct of a judgment debtor in supplementary proceedings was clearly
contemptuous, in that he was guilty of palpable bad faith, where it appears
that he requested, and was granted, repeated adjournments in the proceedings;
that in the interim between the adjournments he consented to an adjudication
of himself as a bankrupt in the Eastern District of New York though he lived
in the Southern District; and that in violation of an injunction order of the City
Court of the City of New York, he transferred insurance policies having cash
surrender values to a third person.

The bankruptcy proceeding did not suspend the injunction order; it merely
stayed further affirmative action under that order.

Accordingly, the judgment creditor's motion to punish the judgment debtor for
contempt should be granted and the judgment debtor fined the amount of the
judgment.

APPEAL by plaintiff and judgment creditor from an order of the
City Court of the City of New York in favor of defendant and
judgment debtor denying the judgment creditor's motion to punish
the judgment debtor for contempt.

*Alex B. Greenberg,* for the appellant.

*Harry Saks Hechheimer* [*S. Edward Ginsburg* of counsel],
respondent in person.

PER CURIAM:

The appellant obtained an order in supplementary proceedings
with the usual injunction clause returnable April 14, 1922. On the
return day the respondent requested an adjournment enabling him
to keep an engagement and promised to pay the judgment prior to
the adjourned date. On the adjourned date (April twenty-fifth)
he defaulted. On July twenty-eighth a motion to punish him for
contempt was denied on condition that he appear for examination
on August twenty-ninth. On August twenty-ninth he was partly
examined and at his request the examination was adjourned to
September eleventh and further adjourned at his request to Sep-
tember fifteenth. On that day a stipulation was signed upon the
request of the judgment debtor in order to enable him to produce

**510** KENT-COSTIKYAN TRADING CO., INC., *v.* AM. R. EX. CO.

Appellate Term, First Department, February, 1925.      [Vol. 124

his books. Meanwhile on September eleventh the judgment debtor consented to an adjudication of himself as a bankrupt in the eastern district of New York, though he lived in the southern district. His conduct in procuring the adjournment under these conditions was in palpable bad faith. Thereafter in a bankruptcy proceeding against the judgment debtor in the southern district of New York it was made apparent that on September first he had transferred three insurance policies having cash surrender values to one Bannister as security for a loan. This was in direct violation of the injunction order. The bankruptcy proceeding did not suspend the injunction contained in the City Court order; it merely stayed further affirmative action under that order. (*Taylor* v. *Buser,* 167 N. Y. Supp. 887.)

The conduct of the judgment debtor was clearly contemptuous. The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to punish for contempt granted, with ten dollars costs, and the judgment debtor fined the amount of the judgment, and the proceedings remitted to the City Court to proceed accordingly.

All concur; present, GUY, McCOOK and PROSKAUER, JJ.